**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**TERRILL JIMERSON**                                                                         **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:06CV551 LTS-RHW**

**ALLSTATE INSURANCE COMPANY and
CHERISH WALKER**                                                  **DEFENDANTS**


**MEMORANDUM OPINION**

       The Court has before it Plaintiff Terrill Jimerson's (Jimerson) motion to remand. For the reasons set out below, this motion will be granted.

       This is an action for property damage sustained during Hurricane Katrina. The facts are in sharp dispute. Jimerson is the insured under a policy of insurance issued by Defendant Allstate Insurance Company (Allstate). Jimerson purchased this policy through Allstate's local agent, Defendant Cherish Walker (Walker). The Allstate policy excluded not only damage caused by water, but also damage caused by wind and hail. Jimerson alleges that at the time this policy was purchased, Walker represented that the Allstate policy covered all damages Jimerson's property might sustain in a hurricane. Jimerson's suit against Walker is premised on the allegation that this representation was made negligently and that Jimerson relied upon this representation to his detriment.

       Both Walker and Jimerson are Mississippi resident citizens. This Court's jurisdiction has been invoked on grounds of diversity of citizenship. If Walker has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

       Allstate has removed this action on grounds of diversity of citizenship, alleging that Jimerson has fraudulently joined Walker in order to defeat diversity jurisdiction. This is an issue on which Allstate has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment of whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000). Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right

of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Jimerson has alleged that Walker misrepresented the coverage afforded by the Allstate policy. According to the complaint, Walker indicated that the Allstate policy would provide coverage for all property damage Jimerson might sustain during a hurricane. It would be difficult to imagine a more sharp dispute over these facts. Walker and Allstate maintain that the coverage of the Allstate policy was made clear to Jimerson's representative (Jimerson's wife). Walker and Allstate assert that Jimerson was told he would have to obtain wind and hail coverage through the Mississippi wind pool and that Jimerson's failure to obtain that coverage is not due to any negligent act by Walker or by Allstate. At this juncture, these diametrically opposed versions of the facts surrounding the purchase of this policy cannot be reconciled and cannot be resolved. In deciding this motion to remand, the plaintiff's allegations must be accepted, and he must be granted all reasonable inferences that support his theories of recovery against Walker.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and

5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit Jimerson's theory of recovery against Walker.

Of course, the truth of Jimerson's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, Jimerson's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Jimerson's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Walker and Allstate have failed to establish that Jimerson has no viable legal theory upon which he may proceed against Walker under Jimerson's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge